UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| RELIANT MANAGEMENT GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:20-cv-00050 ) |
| THOMAS J. MABRY AND ASSOCIATES, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Thomas J. Mabry and Associates, Inc.'s ("Mabry") Motion for Judgment on the Pleadings, or in the Alternative, to Transfer Venue (Doc. No. 25) is ripe for decision and is **DENIED**.

The Complaint and Answer establish the following. Reliant Management Group, LLC ("Reliant") provides physical, occupational, and speech therapists for skilled nursing facilities. (Doc. No. 1, Compl. ¶ 6). Reliant provided therapy services to Mabry Health Care ("MHC") under a Therapy Service Agreement ("TSA") dated October 1, 2010. (Id. ¶ 2; Doc. No. 1-1).

Reliant alleges that Mabry failed to pay $477,110.88 for services rendered under the TSA. (Compl. ¶ 8). Mabry denies any liability because it is not a party to the TSA, (Doc. No. 13, "Answer" ¶¶ 6–8, 12), and because it "can neither admit [n]or deny whether [Reliant] actually contracted or actually performed any services at [its] nursing home or assisted living facility." (Id. ¶ 6). Even if Reliant entered the TSA and provided services, Mabry further denies liability because MHC did not have the capacity to "bind the corporation to the services contract at issue in this action." (Id. ¶ 28). Consistent with its denial of liability, Mabry admits:

- The Court has personal jurisdiction over Mabry because it is a Tennessee entity, and because, among other things, it has purposefully availed itself of the privileges and benefits of conducting business in Tennessee by engaging in business in Tennessee and by maintaining its principal place of business and/or principal office in Tennessee; and

- Venue is proper in the United States District Court for the Middle District of Tennessee, Northeastern Division because the Defendant resides in this district. See 28 U.S.C. § 1391(b)(1). Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

(Compl. ¶¶ 4–5; Answer ¶¶ 4–5).

Applying the Rule 12(c) standard, this Court cannot conclude that Reliant "can prove no set of facts in support of the claims that would entitle relief." Mixon v. Ohio, 193 F.3d 389, 399 (6th Cir. 1999); see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 389 (6th Cir. 2007).

First, Mabry's motion must be denied because it seeks dismissal or transfer to Louisiana based upon TSA's choice of law/forum selection clause that makes federal and state courts in Louisiana the proper venue for dispute under the TSA. (Doc. No. 1-1 ¶ 15(b)). But Mabry is not a party to the TSA. "[A] stranger to a contract" – one who is neither a party nor a third-party beneficiary – cannot enforce its terms. Fossett v. Corporate Express, Inc., No. 09-2321, STA, 2010 U.S. Dist. LEXIS 1586, at *7 (W.D. Tenn. Jan. 7, 2010) (citing Owner Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc., 59 S.W.3d 63, 68 (Tenn. 2001)). Even more critical is that Mabry challenges the validity of the TSA. Mabry cannot have its cake and eat it too. Slorp v. Lerner, Sampson & Rothfuss, 587 F. App'x 249, 255–56 (6th Cir. 2014) (holding that an entity that is neither a party nor a third-party beneficiary to a contract lacks standing to "enforce the contract's terms and to challenge its validity").

Second, Mabry's motion must be denied because it admits that venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(1) and (b)(2). (Doc. No. 1 at 2). Mabry's admissions are binding. Hughes v. Vanderbilt Univ., 215 F.3d 543, 549 (6th Cir. 2000) (holding that parties are bound by admissions in their pleadings); Ferguson v. Neighborhood Housing Servs., Inc., 780 F.2d 549, 550–51 (6th Cir. 1986) (same).

Third, even if the Court ignores that Mabry is not a party to the TSA and further ignores Mabry's binding admission that venue is proper in the Middle District of Tennessee, application of the forum selection/venue provision in the TSA would also require denial of the motion. (Doc. No. 24 at 4–6). Applying Louisiana law, the forum selection/venue clause does not require transfer to Louisiana. The clause is permissive, rather than mandatory, because it clearly reflects only the parties' consent to resolve disputes in Louisiana; it "does not require that disputes be resolved in that forum." Scepter v. Nolan Transp. Grp., LLC, 352 F. Supp. 3d 825, 830–31 (M.D. Tenn. 2018) (citing Weber v. PACT XPP Techs., AG, 8111 F.3d 758, 768 (5th Cir. 2016)). The factors the Court must weigh under the *form non conveniens* doctrine strongly weigh against permissive transfer. Instituto Mexico Del Seguro Soc. v. Stryker Corp., 28 F.4th 732, 737 (6th Cir. 2022) (identifying three factors, including: "(1) whether an alternative forum is available; (2) whether a balance of private and public interests suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court; and (3) the amount of deference to give the plaintiff's choice of forum"). Tennessee is not an unnecessarily burdensome forum because, as Reliant points out, "the majority of the witnesses and sources of proof will" necessarily be located in Tennessee because Mabry's facility is located in Tennessee. (Doc. No. 28 at 17). There is substantial local interest in having this dispute decided in Tennessee, because, aside from the TSA's reference to Louisiana law for substantive matters, that state has no interest in the suit.

Jones, 920 F.3d at 1093. Reliant's choice of forum also requires great deference because "[c]ourts presume that plaintiffs choose convenient forums." Id. at 1094 (citing Hefferan v. Ethicon Endo-Surgery Inc., 828 F.3d 488, 493 (6th Cir. 2016)). Again, as noted above, Mabry concedes the Middle District of Tennessee has venue.

This case is returned to the Magistrate Judge for customized case management and settlement discussions.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE